**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2747
_____

MS. S. HAYES;
JOEL MARRERO

v.

MORRIS HOUSER, Facility Manager - SCI - Benner; LT.  KAUFFMAN,
Security Lt. - SCI - Benner; BRADLEY BOOHER, Deputy Sup. SCI - Benner;
JENNIFER ROSSMAN, PREA/PRC Staff - SCI - Benner; CHCHA
BOLAND, Heath Care Admin; DOCTOR KOLLMAN, SITE Med Dir - SCI –
Benner; CHCA ARDERY, Health Care Admin – SCI - Benner; DR.  DANCHA,
Regional Med Dir - Central Office; JOHN/JANE DOE, DEPT Staff to be named

Ms. S. Hayes,
                                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:22-cv-01939)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Ms. S. Hayes, a transgender female prisoner, sued several employees and officials at SCI-Benner and the Regional Medical Director for the Pennsylvania Department of Corrections.[1] In the first cause of action in her amended complaint, she alleged that the defendants had violated her right to be free of cruel and unusual punishment by depriving her of necessary treatment for her gender dysphoria by, inter alia, disallowing her from ordering eyeshadow, brow pencil, and a cup-style (not sports) bra, and stating that she must use the facility barber to remove her "face/body hair," including "her breast and pubic areas." ECF No. 12 at 5. She alleged that her grievances relating to these issues were denied.

In her second cause of action, Hayes alleged that, after a search of her cell, she was placed in handcuffs, escorted to the RHU (restricted housing unit), and written up for possession of K-2 and conveying K-2 into prison via legal mail. To protest, Hayes went on hunger strike, but, according to her, she was not monitored as she should have been by nursing or "psych." ECF No. 12 at 9. She continued her hunger strike after having been found guilty of the charges. Left alone in her cell after a three-minute medical exam, she found a razor blade on the floor and cut her arm from wrist to elbow. She needed seventeen sutures at the emergency room to close the wound. Relying on these allegations (the "unjust trigger incident" of the "false misconduct," ECF No. 12 at 10, the

---

[1] Another prisoner was named as a co-plaintiff, but he never paid the fees or submitted an in forma pauperis application, and the District Court dismissed him from the action for that failure. He is not a party to this appeal.

mostly unmonitored hunger strike, and the razor blade in her cell) and an explanation of her history of suicidal ideation and other mental health issues, she stated that defendants had been deliberately indifferent to her serious medical needs, failed to protect her, and denied her due process of law. She noted that her grievances on these issues were denied by defendants who "falsified official documents to conceal the truth of what occurred" by stating that they were ruling "[a]fter careful investigation." ECF No. 12 at 11. With her complaint, she included one exhibit, a Department of Corrections photograph of her, to demonstrate how she has been "allowed to dress and present as a female." ECF No. 12 at 4, ¶ 3, and Ex. 1.

The Regional Medical Director and a doctor at SCI-Benner (hereinafter the "medical defendants") filed a joint motion to dismiss the amended complaint. The six remaining named defendants, whom we will call the "SCI-Benner defendants" for convenience, also filed a joint motion to dismiss, attaching copies of Hayes' related grievances and the prison's response as exhibits. Hayes filed a response. She included several exhibits, including documentation relating to her grievances, which she said that she was submitting to show, variously, the "personal involvement" of one defendant, the "violation of the grievance policy," and that three defendants "all violated policy and tried to pretend they did their job properly" and "lied in their motion and submitted false evidence." ECF Nos. 49 at 5 (citing ECF No. 49-6) & 49-10 at 1.

The District Court granted the motions to dismiss. In its analysis, the District Court quoted the grievances and the prison's responses at length. Then, in concluding that Hayes had failed to state a claim, the District Court assessed Hayes' allegations, the

3

content of her grievances, and information in the prison's response to the grievances. See, e.g., ECF No. 51 at 18 & n. 71 (citing ECF No. 30-2 at 5, the prison's response to her grievance, to conclude that "Plaintiff was provided an opportunity to purchase a cup bra from the Commissary but "declined, indicating that [she] already ha[s] that style bra and [is] requesting a different style.""); id. at 21-22 & n. 82-87 (relying on ECF No. 30-1 at 1, a final appeal decision on one of her grievances, as the factual basis to reject her claims related to the apparent suicide attempt). The District Court stated that it was relying on the defendants' exhibits (the grievances and related responses) without converting the motion to dismiss into a motion for summary judgment because Hayes had relied on them in her amended complaint. ECF No. 51 at 5 n.18. Hayes appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing the complaint is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

On appeal, Hayes takes issue with the District Court's decision to "h[o]ld as true" the "false statements made by the defendants in ALL of their responses." 3d Cir. Doc. No. 16 at 5. She also argues that she stated claims for, and presented triable issues about, "deliberate indifference to medical/mental health treatment for gender dysphoria and failure to protect," id. at 1 & 3-5;[2] she should have been permitted to amend her

---

[2] The District Court liberally construed Hayes' complaint to include an independent due process claim relating to the filing of the allegedly false misconduct and dismissed that claim on other grounds. While that was a fair interpretation of some ambiguous allegations, we do not construe the complaint to include that claim in light of Hayes' clarifying description of her claims on appeal.

complaint to include events that occurred at SCI-Albion, see id. at 3; and that, in light of the dismissal of her complaint, she was inappropriately deprived of time or discovery to name the John/Jane Doe defendants, see id. at 2 & 3.[3]

The SCI-Benner defendants respond that, as for Hayes' claims related to treatments for male pattern baldness and face and body hair removal, "the records upon which [Hayes] relied in her pleading clearly reflect that she was not denied the ability to remove unwanted hair." 3d Cir. Doc. No. 17 at 18 (citing ECF No. 49-6). Similarly, they argue that "the grievance documents she referenced" or "relied [on] in her pleadings" belie any claims" about the denial of access to the cosmetics and undergarments she wanted and contradict her failure-to-protect claim. Id. at 19 (citing ECF No. 30-2, an exhibit in support of their motion to dismiss, and further specifically relying on the "response to Appellant's grievance") and 22 (citing ECF No. 30-1, another exhibit to their motion). The medical defendants also rely on the "grievance response" to dispute Hayes' claims against them in her complaint and her related arguments on appeal (in particular, the details of whether, and if so, how and when, she could use an electronic razor to remove body hair). See 3d Cir. Doc. No. 22 at 14.

In making these arguments in reliance on the institutional response to Hayes' grievances, the parties urge us to affirm on infirm grounds. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint,

---

[3] She also states that the events at SCI-Albion are relevant to this litigation because SCI-Albion has not forwarded her property to the Oregon Department of Corrections, where she is now housed.

matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). In concluding that Hayes failed to state a claim, the District Court relied extensively on the documents in the grievance process that were prepared by prison officials. While a court may examine "documents incorporated into the complaint by reference," Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007), Hayes did not incorporate all the grievance documents into her complaint by stating that she had filed grievances about the issues. Even if she could be said to have relied or incorporated her own grievances into the complaint, it cannot be said that she relied on the prison's responses to them. Instead, it could be said that she disavowed any reliance on them when she stated that the defendants had submitted false evidence and had pretended to do their job. The District Court erred by converting the motions to dismiss into motions for summary judgment without adequate notice, and we cannot say that the error was harmless. See Renchenski v. Williams, 622 F.3d 315, 340-41 (3d Cir. 2010).

Although the defendants raise other arguments about some of the claims, we decline to evaluate the sufficiency of Hayes' pleading against these arguments before the District Court has occasion to do so. Instead, we vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion.